No. 11-16019

IN THE
# UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

In re BARBARA MELINDA HENSON,
*Debtor.*

BRIAN D. SHAPIRO,
*Trustee-Appellant*

— v. —

BARBARA MELINDA HENSON
*Debtor-Appellee*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
No. 10-726

**NATIONAL ASSOCIATION OF
CONSUMER BANKRUPTCY ATTORNEYS' MOTION FOR LEAVE TO FILE
*AMICUS CURIAE* IN SUPPORT OF DEBTOR**

Movant, National Association of Consumer Bankruptcy Attorneys (NACBA), hereby seeks leave to file a brief as *amicus curiae* in support of the Debtor pursuant to Rule 29(b) of the Federal Rules of Appellate Procedure. The Debtor has not filed a brief or otherwise participated in this appeal.

In support of this Motion, NACBA states that it is a non-profit organization of more than 4,400 consumer bankruptcy attorneys nationwide. NACBA's corporate

purposes include education of the bankruptcy bar and the community at large on the uses and misuses of the consumer bankruptcy process. Additionally, NACBA advocates nationally on issues that cannot adequately be addressed by individual member attorneys. It is the only national association of attorneys organized for the specific purpose of protecting the rights of consumer bankruptcy debtors.

The NACBA membership has a vital interest in the outcome of this case. This case involves a situation in which the debtor, at the time of filing her petition, was no longer in possession of certain property that was part of the estate. Specifically, the debtor wrote a check prior to her petition that had not cleared at the time of filing so her bank account showed the amount as part of her balance. The trustee sought turnover of those funds even though the debtor no longer was in possession of them. The bankruptcy court denied the trustee's motion for turnover and the district court affirmed.

This case involves complex issues of the effect of pre-BAPCPA law, statutory interpretation and the congressional intent underlying the turnover provision found at section 542 of the Code. As pointed out by the District Court in this case, there is a split of authority among circuit courts on the issue of whether a debtor may be compelled to turn over property that is not in her possession. The Ninth Circuit has not had an opportunity to rule on the issue. It would be a disservice to the lower courts in this circuit to have a precedent-setting decision based upon an incomplete record. The adversarial process is the cornerstone of American jurisprudence and an appellate court's decision-making ability is hampered by a lopsided record. An amicus brief by NACBA would fill the void left by the non-participating debtor and give this Court an opportunity to hear

both sides of the issue.

NACBA seeks to file a brief to show why district court's affirmance of the bankruptcy court's decision was correct and in particular to fill the void left by the non-participating debtor and address the arguments advanced by the trustee. It is within the sound discretion of this Court to allow the participation of *Amicus Curiae. Hoptowit v. Ray,* 682 F.2d 1237, 1260 (9th Cir. 1981*); Silver v. Babbitt,* 1995 U.S. App. LEXIS 29739 (9th Cir. 1995). NACBA believes that it brings a necessary perspective to this case that will be helpful to the court in deciding this matter.

WHEREFORE, the movant requests that this Motion be granted and that the court set a due date of June 20, 2012 for the brief of *amicus curiae*.

/s/ Tara Twomey
NATIONAL ASSOCIATION OF CONSUMER BANKRUPTCY ATTORNEYS
By its Attorney: TARA TWOMEY, ESQ.
NAT. CONSUMER BANKR. RIGHTS CENTER
1501 The Alameda
San Jose, CA 95126
(831) 229-0256
tara.twomey@comcast.net

May 21, 2012

# CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2012, I electronically filed the foregoing document with the Clerk of the Court for Ninth Circuit Court of Appeals by using the CM/ECF system.

I further certify that parties of record to this appeal who either are registered CM/ECF users, or who have registered for electronic notice, or who have consented in writing to electronic service, will be served through the CM/ECF system.

I further certify that some of the parties of record to this appeal have not consented to electronic service. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days, to the following parties:

Malik W. Ahmad
Law Office of Malik W. Ahmad
8072 West Sahara Avenue
Suite A
Las Vegas, NV 89117


　　　　　　　　　　　　　　　　　　_/s/Tara Twomey
　　　　　　　　　　　　　　　　　TARA TWOMEY, ESQ.